IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Don Cornelius Hill, | C/A No.: 5:22-850-SAL-KDW |
| Petitioner, | |
| v. | Report and Recommendation |
| Warden of F.C.I. Edgefield, | |
| Respondent. | |

Don Corneliu Hill ("Petitioner"), proceeding pro se, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion to dismiss, or in the alternative, motion for summary judgment. ECF No. 20.[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 21. Petitioner filed a timely response on June 30, 2022, and Respondent replied on July 14, 2022. ECF Nos. 23, 27.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that the court grant Respondent's motion for summary judgment.

I.  Factual and Procedural Background

At the time Petitioner filed this action, he was incarcerated at the Federal Correctional Institution in Edgefield, South Carolina ("FCI Edgefield"), a facility of the federal Bureau of

---

[1] Because the court has considered matters outside of the pleadings, the undersigned considers the motion as one for summary judgment. The *Roseboro* order issued to Petitioner contained an explanation of the summary judgment procedures.

Prisons ("BOP"), serving a 132-month sentence imposed by the Western District of North Carolina for conspiracy to distribute and possession with intent to distribute cocaine base. *See* ECF No. 1-1 at 2. Petitioner asserts the BOP has failed to apply earned credits to his sentence and that he is entitled to immediate release. ECF No. 1 at 2, 7. Respondent agrees Petitioner is eligible for credits under the First Step Act ("FSA"), 18 U.S.C. § 3632(d)(4)(A), for his participation in certain programs, but contends he has not yet successfully completed those programs. ECF No. 20 at 13–17. In addition, Respondent asserts the Petition is subject to dismissal because Petitioner has not exhausted his administrative remedies. *Id.* at 9–13.

II.   Discussion

    A.   Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or

other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56.

      B.      Habeas Corpus Standard of Review

Under established local procedure in this judicial district, this Petition has been carefully reviewed pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erikson v. Pardus*, 551 U.S. 89, 94 (2007).

      C.      Analysis

           1.      Petitioner's Claim

Petitioner argues the BOP failed to apply 365 days of earned FSA credits and reduce his sentence accordingly. ECF No. 1 at 2, 7. He asserts he is entitled to immediate release. *Id.* at 7. When Petitioner commenced this action, his projected release date was January 31, 2023. *See* ECF No. 1-1 at 2.

Under the FSA, an eligible prisoner "who successfully completes evidence-based recidivism reduction programming or productive activities" and who is "determined by the [BOP] to be at a minimum or low risk for recidivating" shall earn 15 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). These earned credits can be applied toward earlier placement in pre-release custody or a term of supervised release. *Id.* § 3632(d)(4)(C).

Respondent agrees Petitioner is eligible for FSA credits through his participation in a Residential Drug Abuse Treatment Program. ECF No. 20 at 13. However, Petitioner is required to complete a 120-day "Community Treatment Services" component of the program before those credits can be applied. ECF No. 20 at 13–16. That component of the program could not begin until Petitioner was placed in home confinement. *Id.* Petitioner was scheduled to enter home confinement on August 5, 2022.[2] ECF No. 20-2 at 2. Based on the BOP's inmate locator, it appears Petitioner is now in home confinement in North Carolina. *See* Inmate Locator, www.bop.gov/inmateloc (last visited November 10, 2022) (identifying Petitioner's location as Raleigh Residential Reentry Management). In addition, the BOP has since recalculated Petitioner's sentence and applied 60 days of FSA credits, changing his projected release date to December 2, 2022. *See* ECF No. 27-1 at 1.

Petitioner argues the credit he has earned through his participation in the Residential Drug Abuse Treatment Program is separate from and in addition to credit he is owed under the FSA. ECF No. 23 at 4. However, Petitioner fails to allege with any particularity that he has participated in other evidence-based recidivism reduction programming or productive activities or provide details regarding the credits earned through those programs or activities.

2.     Failure to Exhaust Administrative Remedies

Further, Petitioner admittedly has not exhausted the BOP's administrative remedies. *See* ECF Nos. 1 at 2–3, 20-1 at 1–2, 23 at 2–3. The BOP has established an administrative procedure whereby a federal inmate may seek review of complaints relating to some aspects of his confinement. *See* 28 C.F.R. § 542.10, *et. seq.* If the inmate receives an adverse answer to his

---

[2] Notably, according to FCI Edgefield's Case Management Coordinator, prison officials sent requests to the Residential Reentry Management Office on Petitioner's behalf to obtain an earlier home confinement date. ECF No. 20-2 at 2. However, those requests were denied. *Id.*

complaint about the execution of his sentence at the institutional level, the inmate must present his claims to the Regional Director of the BOP and the Office of General Counsel to fully exhaust his remedies. *Id.* § 542.15. "To obtain federal habeas review of the execution of a federal sentence, including the computation of sentence credit, a prisoner must first exhaust his administrative remedies through the BOP." *United States v. Owens*, No. 03-20150, 2007 WL 2746939, at *2 (W.D. Tenn. Sept. 18, 2007); *Floyd v. Warden*, No. 07-261, 2008 WL 650448, at *4 (D.S.C. March 5, 2008) ("A federal prisoner challenging sentence computation and application of credits must exhaust the administrative remedies afforded him by BOP before filing a § 2241 petition in the United States District Court.").

Petitioner argues the court should waive the exhaustion requirement for his case because "(i) there are time constraints that would cause irreparable harm from delay; (ii) this involves statutory construction; and (iii) the BOP has already determined an incorrect release date rendering exhaustion futile." ECF No. 1 at 2. In support, Petitioner asserts he sent an electronic request to the warden to review his FSA credits on January 27, 2022, filed an administrative remedy form on January 28, 2022, and received no response to either. *Id.* at 3. He states he was denied an administrative appeal form twice and that prison administrators have informed the inmates they would receive sanctions for asking about FSA credits. *Id.* In response, Respondent submits a declaration from a legal assistant at FCI Edgefield who has access to the BOP's computer database, which logs all formal administrative remedy requests. ECF No. 20-1 at 1. The legal assistant reviewed the database and found the only formal requests filed by Petitioner related to placement in the Special Housing Unit and for compassionate release. *Id.* at 1–5. The legal assistant indicated Petitioner "filed no administrative remedies regarding the First Step Act time credits." *Id.* at 1.

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). These exceptions apply only in "extraordinary circumstances." *Id.* Here, Petitioner's conclusory and unsupported allegations of futility are not enough to show the existence of extraordinary circumstances beyond his control warranting waiver of the exhaustion requirement. *See Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice" to oppose a properly supported motion for summary judgement); *Teagle v. Champion*, 21 F. App'x 790, 792 (10th Cir. 2001) ("the mere recitation of futility is not sufficient").

III.    Conclusion

For the foregoing reasons, the undersigned recommends Respondent's Motion for Summary Judgment, ECF No. 20, be granted and the Petition for writ of habeas corpus be denied and dismissed without prejudice.

IT IS SO RECOMMENDED.

November 16, 2022                                          Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).